[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, David Abbamonte, was ineffective in assisting him in that he (1) failed to inquire as to the petitioner's drug and alcohol dependency at the time of the charged offense; (2) failed to advise petitioner that the State would have the burden of disproving drug-dependency after the petitioner introduced substantial evidence of it; (3) failed to advise petitioner concerning his options to enter a guilty plea or go to trial; (4) failed to advise petitioner adequately concerning sentencing; and (5) failed to properly investigate potential defenses to the state's case. CT Page 12176
The petitioner called himself as his only witness. He testified that he had received a sentence of twenty-seven (27) years to his plea to murder. Petitioner's Exhibit 1. At the time of his plea he was being treated with psychotropic drugs which had the effect of making him docile. He recalled that the court did ask if his plea was voluntary and whether he was under the influence of any drugs or alcohol. He also remembered that he had had a competency hearing earlier. He reported the homicide of his wife to the police about twenty (20) minutes after she had been stabbed to death and acknowledge that it is his handwriting on the waiver of rights from, Respondent's Exhibit A, and his signature on a statement to the police, Respondent's Exhibit B, but remembers very little of it. He had decided to plead to murder after picking three jurors because he felt all-white jurors would give him the rope and he was influenced between the twenty-seven (27) years offered as to the sixty (60) years maximum that he might receive after trial.
Attorney Abbamonte testified that he represented the petitioner at his criminal proceedings. Because of the marital problem which resulted in his wife s death and his previous alcohol, drug and mental problems, he had the petitioner undergo a competency examination. He discussed with the petitioner the fact that because of his statement to the police that it was unlikely the State would reduce the charge from murder and that meant a minimum sentence of twenty-five (25) years and a maximum sentence of sixty (60) years and that his only chance for a lower sentence was a trial and a conviction of manslaughter. On the first day of trial three jurors were chosen and then the next day the petitioner said he wanted to go to plea and he reminded him that it would be to murder. His response was that it was alright but he didn't want to go to trial. He didn't think the petitioner was under the influence of drugs because he had no access to any illegal drugs or alcohol and only appeared to be nervous.
During the proceedings of his plea before Judge Ronan he indicated that he did not have enough time to talk to his attorney and a recess was called so he could do so. Petitioner'sExhibit 2. He also stated that the plea was freely and voluntarily made, that he was not under the influence of any alcohol, drugs or medication and that he understood the proceedings. Not only were his answers appropriate but his testimony here demonstrated that he chose to take a sentence closer to the minimum for murder than the risk of a sentence CT Page 12177 closer to the maximum. The petitioner has failed to prove that he was under the influence of any substance which would have deprived him of understanding during his pleas proceedings.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359.
For the above reasons the petition is denied.
Thomas M. Corrigan Judge Trial Referee